IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

    Petitioner,                      No. CIV S-06-1461 GEB KJM P

    vs.

T. CAREY, et al.,

    Respondents.                  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. While petitioner's claims are difficult to decipher, petitioner appears to challenge the fact that he has not yet been released from his indeterminate term of imprisonment. Respondents have filed a motion to dismiss in which they assert that petitioner's claims are barred by the applicable statute of limitations. Petitioner filed an opposition to respondents' motion, entitling it a "traverse," but has not addressed respondent's statute of limitations argument.

        Title 28 U.S.C. § 2244, enacted in 1996, provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review concerning the conviction at issue in this action became final in 1977, well before 28 U.S.C. § 2244(d)(1) was enacted. See June 30, 2006 Pet. at 3. Therefore, if the limitations period began to run with respect to any of petitioner's claims under § 2244(d)(1)(A), it began on the day of enactment of the statute of limitations, April 24, 1996. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997). To the extent the limitations period started running on April 24, 1996, it ran out on April 23, 1997. There does not appear to be any basis to toll any of the period between these dates. Neither party asserts that section 2244(d)(1)(B) or (C) is applicable in this case. To the extent the limitations period began to run under § 2244(d)(1)(D), as petitioner appears to assert, see Traverse at 10 (section F), the latest it could have started is October 22, 2003, when petitioner was denied parole for the last time; under this scenario, the one year period expired on October 22, 2004. Am. Pet. at 9:17-20. It does not appear that any other facts that could support any of petitioner's cognizable claims, and that petitioner could not have discovered earlier with the exercise of due diligence, came to petitioner's attention after this last parole denial. Because there does not appear to be any reason, statutory or otherwise, to toll the limitations period between the day it

started to run under 28 U.S.C. § 2244(d)(1)(D) and October 22, 2004[1] and because this action was not commenced until June 2006, this action is time-barred.

In light of the foregoing, the court need not address respondents' argument that petitioner has failed to exhaust state court remedies with respect to all of his claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' April 6, 2007 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2008.

_____
U.S. MAGISTRATE JUDGE

1
john1461.157

---

[1] Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, it does not appear that petitioner commenced any action for collateral relief in a California court before October 22, 2004 and the commencement of a later action for collateral relief in a state court could not have revived the limitations period.  See Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).